UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Solutran, Inc., | Civil No. __13-cv-2637__ |
| Plaintiff, | |
| | JURY TRIAL DEMANDED |
| v. | |
| U.S. Bancorp and Elavon, Inc., | |
| Defendants. | |

# COMPLAINT

Plaintiff Solutran, Inc. ("Solutran"), for its complaint against defendants U.S. Bancorp ("US Bank") and its subsidiary Elavon, Inc. ("Elavon"), states and alleges as follows:

## INTRODUCTION

1. This case concerns the way merchants process the paper checks that they receive from their customers. Years ago, a merchant's only option was to take the paper checks to its bank and deposit them. The depository bank would process the checks and physically transport them through the banking and Federal Reserve systems to the account holders' banks for settlement. This paper-based process was labor-intensive, costly, slow, and error-prone. Over time, legal and technological advances made it increasingly possible to process checks electronically. Most electronic-processing options, however, required merchants to spend money on check-scanning equipment,

specialized software, training, and labor.  Among the various banks and third-party processors offering electronic check-processing services, only Solutran invented a way to offer merchants the many benefits of electronic check processing without burdening them with these costs.  Solutran sought and obtained a patent on its invention and has been very successful in the marketplace.  US Bank and its Elavon subsidiary copied Solutran's process and are infringing Solutran's patent.

## PARTIES, JURISDICTION, AND VENUE

2. Solutran is a Minnesota corporation with its principal place of business in Plymouth, Minnesota.

3. US Bank is a Delaware corporation with its principal place of business in Minneapolis, Minnesota.

4. Elavon is a Georgia corporation with its principal place of business in Atlanta, Georgia.  Elavon is a wholly-owned subsidiary of US Bank.

5. This action arises under the patent laws of the United States, Title 35 of the U.S. Code.  Accordingly, this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over US Bank and Elavon because US Bank and Elavon are located in this judicial district and regularly conduct business in this judicial district.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because US Bank and Elavon have conducted and continue to conduct regular and ongoing

business in Minnesota and have committed acts of direct infringement of Solutran's patent in this district.

## **FACTUAL BACKGROUND**

8.    One option for electronically processing checks is known as Back Office Conversion ("BOC"). BOC is a check-processing technique that allows a merchant to capture checks with scanning equipment in the merchant's back office and submit the resulting image file to a bank or third-party processor for processing. While BOC showed great promise, all of the BOC solutions in the marketplace required merchants to spend money on scanning equipment, specialized software, training, and labor and to incur the hassle and risks associated with storing and destroying paper checks containing customers' personal information.

9.    In the Fall of 2005, however, members of Solutran's BOC team had an epiphany: the merchant could send Solutran an electronic file of data captured from the point of sale (i.e., the check-out register), with the paper checks being transported later to Solutran. Solutran would receive the data file, then credit an account for the merchant, and then later receive the shipment of paper checks. Once they arrived, Solutran would scan the paper checks to create digital images, associate those images with electronic data from the point of sale, and compare the images with the data to find matches. With Solutran's process, merchants could eliminate the need for scanning equipment, software, and associated expenses in their stores' back offices, reduce hassle and risks associated

with storing and destroying the paper checks, consolidate bank services, and save on check deposit and processing fees—all while getting quicker access to their funds. Solutran called its new technique Solutran's POS Imaging Network ("SPIN").

10. On November 13, 2012, the United States Patent and Trademark Office issued United States Patent No. 8,311,945 (the "'945 patent"), titled "System and Method for Processing Checks and Check Transactions" to Solutran, the assignee of inventors Kari Hawkins and Scott Reid. A complete and authentic copy of the '945 patent is attached as Exhibit A.

11. US Bank and its subsidiary Elavon compete with Solutran's SPIN process by using, offering for sale, and selling its Electronic Check Service (ECS). Defendants' ECS check-processing service infringes the '945 patent.

12. Joinder of both US Bank and Elavon is proper under 35 U.S.C. § 299. US Bank and Elavon are liable jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the use, offer for sale, or sale of the same accused ECS process, and questions of fact common to both defendants will arise in this action.

## COUNT I — PATENT INFRINGEMENT

13. Solutran incorporates and realleges by reference paragraphs 1 through 12 as if fully set forth here.

14. Defendants have had constructive notice of the '945 patent since it issued on November 13, 2012.

15.   Defendants have had actual knowledge of the '945 patent at least since the filing of this Complaint.

16.   Defendants have infringed and continue to infringe the '945 patent, either literally or under the doctrine of equivalents, by using, offering to sell, and selling the methods claimed in that patent.

17.   Defendants' infringement of the '945 patent has harmed and continues to harm Solutran and will cause irreparable injury and damage to Solutran unless the Court enjoins Defendants from infringing the patent.

WHEREFORE, Solutran prays for the following judgment and relief:

a.   A judgment in Solutran's favor and against Defendants;

b.   A judgment that Defendants have infringed the '945 patent;

c.   A permanent injunction barring Defendants and their agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '945 patent;

d.   An order that Defendants account for and pay to Solutran all damages that are available pursuant to 35 U.S.C. § 284;

e.   An order compelling Defendants to make an accounting of their sales, profits, royalties, and damages owed to Solutran, including a post-judgment equitable accounting of damages for the period of infringement of the '945 patent following the period of damages established by Solutran at trial;

5

f.  An order compelling Defendants to pay to Solutran pre-judgment and post-judgment interest;

g.  An award to Solutran of its costs, fees, and expenses in this action; and

h.  Any other relief that the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Solutran demands a jury trial on all issues so triable.

Dated:  September 25, 2013.    GREENE ESPEL PLLP

s/ Robert J. Gilbertson
Robert J. Gilbertson  (Reg. No. 22361X)
David J. Wallace-Jackson  (Reg. No. 288767)
Sybil L. Dunlop  (Reg. No. 390186)
222 South Ninth Street, Suite 2200
Minneapolis, MN  55402
Telephone:   (612) 373-0830
Facsimile:   (612) 373-0929
E-mail:    BGilbertson@GreeneEspel.com
   DWallace-Jackson@GreeneEspel.com
   SDunlop@GreeneEspel.com

1,826,791

*Attorneys for Plaintiff Solutran, Inc.*