## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Solutran, Inc.<br><br>　　　　Plaintiff,<br><br>v.<br><br>U.S. Bancorp and Elavon, Inc.,<br><br>　　　　Defendants. | Case No. 13-cv-2637 (SRN/BRT)<br><br><br><br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |
| U.S. Bancorp and Elavon, Inc.<br><br>　　　　Counter-claimants,<br><br>v.<br><br>Solutran, Inc.<br><br>　　　　Counter-defendant. | |

David J. Wallace-Jackson, Robert J. Gilbertson, and Sybil L. Dunlop, Greene Espel PLLP, 222 South Ninth Street, Suite 2200, Minneapolis, Minnesota, for Plaintiff and Counter-defendant.

Ben D. Kappelman, J. Thomas Vitt, Kenneth E. Levitt, and Peter M. Lancaster, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, for Defendants and Counter-claimants.

SUSAN RICHARD NELSON, United States District Judge

## I.　INTRODUCTION

　　　This matter comes before the Court on Defendants' Objections [Doc. No. 125] to

an order of the magistrate judge[1] denying their motion for leave to amend their invalidity contentions.  (*See* Oct. 3, 2016 Text Only Order [Doc. No. 115].)  For the reasons stated below, Defendants' objections are overruled, and the order is affirmed.

## II.   BACKGROUND

The facts underlying this patent infringement action are detailed, lengthy, and complicated.  For purposes of the present matter, however, the relevant facts are essentially procedural.  Plaintiff Solutran, Inc. ("Solutran") filed its Complaint on September 25, 2013.  (*See generally* Compl. [Doc. No. 1].)  After a stipulation to extend the deadline for filing a responsive pleading, Defendants duly filed their Answer on November 12, 2013, denying infringement and asserting counterclaims for declaratory judgments of noninfringement and invalidity.  (*See generally* Answer [Doc. No. 9].)  With the parties' input, Magistrate Judge Steven E. Rau subsequently entered a pretrial scheduling order providing that Solutran's initial infringement contention chart would be due by July 15, 2014.  (Pretrial Scheduling Order [Doc. No. 28] at 1.)  Defendants were required to provide a list of all prior art upon which they intended to rely within thirty days of receipt of the infringement chart.  (*Id.* at 3.)  According to the schedule, this case was intended to be ready for trial by the middle of October, 2015.  (*Id.* at 9.)

As required by the Pretrial Schedule, Solutran served its infringement contentions on July 15.  (Ernstene Aff. [Doc. No. 105] ¶ 2.)  Defendants responded with their invalidity contentions on August 15, 2014, which included exhibits for twenty-one pieces of alleged prior art.  (*Id.* at ¶ 3.)  They then chose to challenge the validity of the patent at

---

[1] The Honorable Becky R. Thorson, United States Magistrate Judge.

issue in this suit[2] through a Covered Business Method ("CBM") proceeding before the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB"). At Defendants' request, the Court stayed this action pending resolution of the CBM review. (*See generally* Sept. 18, 2014 Order.)

On August 5, 2015, the PTAB issued a final, written decision, rejecting Defendants' claim that the at-issue patent was invalid. (*See* Dunlop Aff. [Doc. No. 55], Ex. A.) As a result of this decision, Solutran asked Defendants to stipulate to lifting the stay, but Defendants did not agree to do so. (Tr. [Doc. No. 123] at 47:18-19.) Solutran subsequently asked this Court to lift the stay—a motion Defendants opposed on the basis that an appeal should first be heard of the PTAB's decision.[3] Magistrate Judge Thorson granted Solutran's motion on January 12, 2016. (*See* Text Only Order [Doc. No. 62].) Importantly, however—and as the magistrate judge subsequently observed—Defendants were previously put on notice by the PTAB's decision that this action would likely proceed even before the stay was formally lifted. (Tr. at 47:15-16.) After lifting of the stay, "the parties were on notice to pick up their discovery efforts *immediately*." (*Id.* at 48:5-6 (emphasis added).) In recognition of this fact, Judge Thorson issued an amended pretrial scheduling order that allowed Defendants to amend their invalidity chart by April 15, 2016 provided that they could demonstrate good cause to do so. (Am. Pretrial Scheduling Order [Doc. No. 69] at 4.) As an illustration of what would constitute

---

[2] United States Patent No. 8,311,945.
[3] Defendants did appeal the PTAB's decision to the Federal Circuit, which summarily affirmed. *See U.S. Bancorp v. Solutran, Inc.*, No. 2016-1302, 2016 WL 4175177 (Fed. Cir. Aug. 8, 2016) (mem.).

sufficient good cause, the magistrate judge stated that "absent undue prejudice to the other party, good cause could include Defendants' discovery of material prior art. This example of good cause assumes diligent search." (*Id.*)

On February 24, 2016, more than a month after Judge Thorson lifted the stay (and more than six months after the PTAB decision), Defendants served the National Automated Clearing House Association ("NACHA"), an electronic check regulatory group, with a document subpoena. (Levitt Decl. [Doc. No. 102] ¶ 5.) On April 15, 2016, in line with Judge Thorson's Amended Pretrial Schedule, Defendants served Solutran with updated invalidity contentions. (Ernstene Aff. ¶ 5.) Although NACHA did not respond to Defendants' subpoena until May 25, 2016—at which point it produced over 92,000 pages of documents—Defendants did not advise the Court of any need to amend the Pretrial Schedule to accommodate review of these documents. (Tr. at 55:4-5.)

More than two months later,[4] Defendants' review of the NACHA documents revealed a 1995 document written by one Michael Harris, which, according to Defendants, "describes a system for processing paper checks that anticipates and renders obvious the system Plaintiff claims as its invention."[5] (Defs.' Obj. [Doc. No. 125] at 5.) Defendants promptly notified Solutran that it intended to move to amend its invalidity contentions to add the Harris system. (*Id.*) At approximately the same time—although unrelated to the NACHA documents—Defendants learned from a re-interview of a U.S.

---

[4] In the interim, on May 31, 2016, Defendants hired new counsel from Dorsey & Whitney LLP to replace their prior counsel. (Tr. at 48:17-24.)

[5] Defendants did not provide the magistrate judge with a copy of the Harris documents as part of its motion for leave to amend its invalidity contentions. (Tr. at 56:13-15.)

Bank employee about another system, known as BankServ, that "also appeared to show that Plaintiff's claimed invention was anticipated and obvious." (*Id.*) Defendants produced these documents on August 26, 2016.[6] (*Id.*) In light of these developments, Defendants formally moved to amend their invalidity and noninfringement contentions to encompass the Harris and BankServ systems on September 19, 2016.[7] (*See generally* Mot. for Leave to Amend Invalidity and Noninfringement Contentions [Doc. No. 98].)

Judge Thorson heard oral argument on Defendants' motion on October 3, 2016, and ruled on the matter the same day. (*See* Text Only Order [Doc. No. 115].) Noting that leave to amend should only be granted where the movant has shown (1) good cause, and (2) no unfair prejudice to the other party, the magistrate judge denied Defendants' request. (*See generally* Tr. at 52-59.) In particular, Judge Thorson noted that Defendants had failed to show diligence, had not demonstrated the relevance of the alleged prior art, and that amendment would unfairly prejudice Solutran. (*Id.*) Defendants timely filed objections to the magistrate judge's ruling, triggering this review. (*See generally* Defs.' Obj.)

### III.   DISCUSSION

#### A.   Standard of Review

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. *Edeh v. Equifax Info. Servs., LLC*, 295

---

[6] As with the Harris documents, Defendants did not provide the magistrate judge with the BankServ documents to allow for review of their materiality. (Tr. at 56:13-15.)

[7] Notably, Defendants did not move to amend until after serving an expert report on Solutran that relied heavily on both the BankServ and Harris documents. (Ernstene Aff. ¶ 10.)

F.R.D. 219, 223 (D. Minn. 2013) (citation omitted). The Court must affirm the order unless it is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S Gypsum Co.*, 333 U.S. 364, 395 (1948). Further, magistrate judges "are afforded wide discretion in handling discovery matters and are 'free to use and control pretrial procedure in furtherance of the orderly administration of justice.'" *Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2013 WL 6511851, at *3 n.3 (D. Minn. Dec. 12, 2013) (quoting *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988)); *accord Luminara Worldwide, LLC v. Liown Elecs. Co.*, No. 14-cv-3103 (SRN/FLN), 2016 WL 6774229, at *4 (D. Minn. Nov. 15, 2016).

As a general matter, courts require a showing of "good cause" before allowing late amendments to invalidity contentions. *See, e.g.*, *Bombardier Recreational Prods., Inc. v. Arctic Cat, Inc.*, No. 12-cv-2706 (MJD/LIB), 2014 WL 2945877, at *5 (D. Minn. Apr. 28, 2014); *ICON Health & Fitness, Inc. v. Octane Fitness, LLC*, No. 09-319 (ADM/SRN), 2010 WL 1839321, at *2 (D. Minn. May 5, 2010). Although varying standards exist for assessing the presence of "good cause," courts in this district have usually analyzed five main factors: (1) whether the moving party showed diligence; (2) the relevance and importance of newly discovered prior art; (3) whether the request to amend is motivated by "gamesmanship;" (4) the difficulty of locating the prior art; and (5) whether the opposing party will be prejudiced by the amendment. *Bombardier*, 2014

WL 2945877, at *5. Although all five factors are relevant in the analysis, the Federal Circuit has made clear that a showing of diligence is an absolute requirement. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (holding that "'good cause' requires a showing of diligence"). Thus, this Court may affirm the magistrate judge's ruling if it concludes that the magistrate judge did not clearly err in finding Defendants' actions demonstrated lack of diligence. *Cf. Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (noting that the "primary measure" of Fed. R. Civ. P. 16(b)'s "good cause" standard is "the moving party's diligence in attempting to meet the case management order's requirements," and finding "no need" to go beyond the diligence inquiry where plaintiff had demonstrated only "minimal efforts" to satisfy the case management schedule).

### B. Diligence Inquiry

It is well-settled that the burden is on the movant to establish diligence, rather than on the opposing party to establish its lack. *See, e.g.*, *Evicam Int'l v. Enforcement Video, LLC*, No. 16-cv-105, 2016 WL 6600605, at *1 (E.D. Tex. Nov. 8, 2016) (citing *O2 Micro*, 467 F.3d at 1366). As Judge Thorson properly recognized, the diligence inquiry has two sub-parts: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered. *See, e.g.*, *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). In denying Defendants' motion, the magistrate judge found both of these factors to be absent.

As to diligence in discovering the basis for the amendment, Judge Thorson noted

that Defendants' briefing was silent on the matter of the *Defendants*' diligence, as opposed to the diligence of substitute counsel for Defendants.  (*See* Tr. at 53:18-24.) While the magistrate judge recognized that the record showed activity by new counsel since taking over the case in May 2016, nothing in the record demonstrated what effort was made by prior counsel or by the Defendants themselves to diligently discover the Harris and BankServ prior art documents.  (*Id.* at 53:24-54:3.)  The magistrate judge further observed—correctly—that merely changing attorneys does not constitute good cause for an extension of deadlines established in the scheduling order.  (*See id.* at 54:4-8 (citing *E. Iowa Plastics, Inc. v. PI, Inc.*, No. C12-2088, 2014 WL 4463232 (N.D. Iowa Sept. 10, 2014)).)

Turning to the prior art documents specifically, Judge Thorson noted that, even if the time period when the case was stayed was discounted, Defendants had had more than one year between the time the Complaint was filed and when they served their original invalidity contentions to make some effort toward discovery of these documents, but had not done so.  (Tr. at 54:20-55:7.)  This was, of course, in addition to the three months granted for amendment after the stay was lifted.  The magistrate judge found no evidence in the record to support a showing that Defendants had acted diligently in pursuit of the new prior art, and no communication with the Court to suggest that additional time for document review might be needed.  (*Id.* at 55:3-7.)

Judge Thorson also found a lack of diligence on the part of Defendants in seeking leave to amend as soon as the alleged prior art had been discovered.  (*Id.* at 56:2-11.)  In particular, the magistrate judge noted that upon discovering the Harris and BankServ

8

materials, Defendants first focused on incorporating those materials into their expert report, rather than seeking leave to amend their invalidity contentions. On this basis alone, Judge Thorson concluded that Defendants could not show diligence in seeking amendment. (*Id.*)

Upon review of the magistrate judge's conclusions, as well as the submissions of the parties on the matter, this Court concludes that Judge Thorson did not err—let alone clearly err—in concluding that Defendants had not met their burden of proving diligence in pursuit of the Harris and BankServ materials, and in seeking amendment once those materials had been uncovered. The record reflects that Defendants had well over a year between the date the Complaint was filed and the first deadline to serve invalidity contentions in which to find and disclose the Harris and BankServ documents, and more than three months after the lifting of the stay in which to continue the search. The record further shows that Defendants waited over six weeks from the recommencement of discovery to subpoena NACHA, and did not re-interview one of their own employees in order to discover the BankServ system until August—four months after the deadline to amend invalidity contentions had passed.

What is conspicuously absent from the record presented to the magistrate judge, however, is any evidence to show that Defendants had used their time actively to pursue and disclose the alleged new prior art, or why they could not have discovered those materials sooner. Without such evidence, the Court clearly cannot say that Defendants

have met their burden to show diligence.[8]  As a result, the Court finds no error in the magistrate judge's ruling.  Having failed to show good cause to amend their invalidity contentions, Defendants may not do so now.

## IV.   ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Objections to the Magistrate Judge's Order Denying Their Motion to Amend Their Invalidity Contentions [Doc. No. 125] are **OVERRULED**; and

2. The Magistrate Judge's October 3, 2016 Text Only Order [Doc. No. 115] is **AFFIRMED**.


Dated: December 20, 2016                         s/Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States District Judge

---

[8] Having found diligence to be lacking here, the Court need not specifically address the magistrate judge's conclusions as to the other factors relevant to the good cause analysis. *See supra* pp. 6-7.  The Court notes, however, that even were it to do so, it would find no error in any of the findings made by Judge Thorson.