# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Solutran, Inc.<br><br>          Plaintiff,<br><br>v.<br><br>U.S. Bancorp and Elavon, Inc.,<br><br>          Defendants. | Case No. 13-cv-2637 (SRN/BRT)<br><br><br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |
| U.S. Bancorp and Elavon, Inc.<br><br>          Counter-claimants,<br><br>v.<br><br>Solutran, Inc.<br><br>          Counter-defendant. | |

David J. Wallace-Jackson, Robert J. Gilbertson, and Sybil L. Dunlop, Greene Espel PLLP, 222 South Ninth Street, Suite 2200, Minneapolis, Minnesota, for Plaintiff and Counter-defendant.

Ben D. Kappelman, J. Thomas Vitt, Kenneth E. Levitt, and Peter M. Lancaster, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, for Defendants and Counter-claimants.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff's Objections [Doc. No. 148] to an

order of the magistrate judge[1] denying its motion for leave to amend its complaint. (*See* Nov. 30, 2016 Text Only Order [Doc. No. 145].) For the reasons stated below, Plaintiff's objections are overruled, and the order is affirmed.

## II.   BACKGROUND

For purposes of this Order, the Court will recite only such facts as are necessary to resolve the present matter. Stated briefly, this patent infringement action arises out of allegations that Defendants have infringed various method claims of U.S. Patent 8,311,945 (the "'945 patent"), which was issued to Plaintiff Solutran, Inc. ("Solutran") on November 13, 2012. (Compl. [Doc. No. 1] ¶¶ 10, 16.) Solutran filed suit on September 25, 2013. (*See generally id.*) Although the Complaint alleges that Defendants have had actual knowledge of the '945 patent since at least the date the Complaint was served upon them, Solutran did not at that time assert a claim for willful infringement. (*See id.* at ¶ 15.) Defendants duly filed their Answer on November 12, 2013, denying infringement of the '945 patent and seeking declaratory judgments of noninfringement and invalidity. (*See generally* Answer [Doc. No. 9].) With the parties' input, Magistrate Judge Steven E. Rau entered an initial scheduling order on May 30, 2014. (*See generally* Pretrial Scheduling Order [Doc. No. 28].) Among other deadlines, Judge Rau stated that any motions to amend the pleadings must be filed no later than September 1, 2014. (*Id.* at 6.)

Some weeks later, on July 10, 2014, Solutran filed a motion to compel discovery. (*See generally* Pl.'s Mot. to Compel. [Doc. No. 29].) In particular, Solutran sought responses to a number of interrogatories and document requests intended to determine

---

[1] The Honorable Becky R. Thorson, United States Magistrate Judge.

when Defendants first became aware of the '945 patent.  (*See* Ernstene Aff. [Doc. No. 136], Ex. C.)  Importantly however, Solutran did not at that time (or at any time) seek written discovery concerning the date Defendants became aware of Solutran's patent *application*.  In any event, before a hearing could be held on Solutran's motion to compel, Defendants filed a motion to stay the case pending resolution of a Covered Business Method ("CBM") proceeding before the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB").  (*See generally* Defs.' Mot. to Stay [Doc. No. 37].)  In light of Defendants' motion, Judge Rau denied Solutran's motion to compel without prejudice, and stayed the case.[2]  (*See generally* Sept. 15, 2014 Text Only Order [Doc. No. 49]; Sept. 18, 2014 Order [Doc. No. 50].)

Solutran's patent ultimately survived CBM review, and, after some back and forth between the parties regarding the propriety of lifting the stay,[3] Judge Thorson ordered proceedings to resume on January 12, 2016.  (*See* Jan. 12, 2016 Text Only Order [Doc. No. 62].)  From that point on, the parties were free to pursue past discovery requests and to serve new discovery requests immediately.  Further, although the deadline to amend the pleadings had technically expired on September 1, 2014—before the stay took effect—the magistrate judge adopted the parties' joint proposal that the deadline be reset for April 1, 2016.  (*See* Am. Pretrial Scheduling Order [Doc. No. 69] at 8.)  Over the following months, the parties submitted numerous statements and other filings to the

---

[2] Notably, Solutran did not renew its motion to compel after the stay was lifted.
[3] Defendants opposed lifting the stay until an appeal could be heard of the PTAB's decision.  The Federal Circuit ultimately rejected that appeal on August 8, 2016.  *See U.S. Bancorp v. Solutran, Inc.*, No. 2016-1302, 2016 WL 4175177 (Fed. Cir. Aug. 8, 2016) (mem.).

Court regarding discovery. Although at times the parties requested extensions of various deadlines relating to discovery, at no point did either party request further adjustment of the deadline for amended pleadings. (*See, e.g.*, Stipulation and Joint Mot. to Modify Scheduling Order [Doc. No. 74].)

On September 19, 2016, Defendants sought leave to amend their invalidity charts in light of their discovery of documents allegedly demonstrating that the '945 patent had been anticipated and rendered obvious by various prior art systems. (*See generally* Defs.' Mem. in Supp. of Mot. to Amend [Doc. No. 101].) Solutran opposed this motion, noting that the request came more than four months after the deadline to amend invalidity contentions had passed, and that Defendants had not shown good cause to justify the late amendment. (Pl.'s Mem. in Opp. [Doc. No. 104] at 10-11.) In particular, Solutran argued that Defendants had not shown diligence in either discovering the basis for the requested amendment, or in promptly seeking to amend once that basis had been uncovered. (*Id.*) The magistrate judge agreed with Solutran, and on appeal of that order this Court affirmed. *See Solutran, Inc. v. U.S. Bancorp*, No. 13-cv-2637 (SRN/BRT), 2016 WL 7377099 (D. Minn. Dec. 20, 2016).

Little more than a month later, however, Solutran in turn filed the present motion to amend its complaint. (*See generally* Pl.'s Mot. to Amend [Doc. No. 133].) Although the filing came more than seven months after the deadline to amend pleadings had passed, Solutran argued that Defendants had failed to produce relevant documents until August and September 2016, and that these documents were the first to demonstrate a plausible inference of Defendants' pre-suit knowledge of the '945 patent. (*See* Pl.'s

4

Mem. in Supp. of Mot. to Amend [Doc. No. 135] at 2.) Specifically, Solutran identified evidence showing that Defendants had been aware of its patent application since at least 2007, that they had hired legal counsel to assess the patent application, and that they may have continued to track the progress of the application. (*Id.* at 4-9.) Solutran argued that because they could not have amended their complaint without first uncovering these facts, they had demonstrated good cause for the late motion to amend. (*Id.* at 11-14.)

Judge Thorson heard oral argument on Solutran's motion on November 29, 2016, and ruled on the matter the same day. (*See* Nov. 29, 2016 Minute Entry [Doc. No. 144].) Noting that leave to amend should only be granted where the movant has shown diligence in attempting to comply with the deadlines set forth by the Court's scheduling order, the magistrate judge concluded that the new information cited by Solutran was not so materially different from information previously in its possession so as to justify a delay in moving either to amend or to extend the deadline to amend. (Hr'g Tr. [Doc. No. 147] at 42:12-25; 49:12-21.) Because Judge Thorson found it clear that good cause to amend was not present, she declined to consider the issues of futility or prejudice to Defendants. (*Id.* at 50:21-23.)

Solutran timely filed objections to the magistrate judge's ruling on December 13, 2016, triggering this review of the matter. (*See generally* Pl.'s Obj.)

### III. DISCUSSION

#### A. Standard of Review

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. *Solutran*, 2016 WL 7377099, at *2. The

Court must affirm the order unless it is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Further, magistrate judges "are afforded wide discretion in handling discovery matters and are 'free to use and control pretrial procedure in furtherance of the orderly administration of justice.'" *Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2013 WL 6511851, at *3 n.3 (D. Minn. Dec. 12, 2013) (quoting *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988)); *accord Solutran*, 2016 WL 7377099, at *2.

A motion to amend a complaint may be considered under either Rule 15 or Rule 16 of the Federal Rules of Civil Procedure. Although apparently there was some question before the magistrate judge regarding which of these rules governs the present motion, the parties now concede that Rule 16 provides the proper standard.[4] (*See* Pl.'s Mem. in Supp. of Mot. to Amend at 10-11; Defs.' Mem. in Opp. to Pl.'s Mot. to Amend [Doc. No. 140] at 6-7; Pl.'s Obj. at 8.) Thus, leave to amend is allowed only if the moving party can demonstrate "good cause," and "[e]ven then the district court retains discretion as to whether to grant the motion." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

---

[4] The Eighth Circuit has clearly addressed the "interplay" between Rules 15 and 16 in this context, "unmistakably concluding" that "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

As the magistrate judge properly noted, "[t]he good cause standard is exacting." (Hr'g Tr. at 42:12 (citing *Scheidecker v. Arvig Enters., Inc.*, 193 F.R.D. 630, 631 (D. Minn. 2000)).) At its heart is an assessment of the diligence with which the moving party attempted to comply with the court's case management schedule. *See Cattanach v. Burlington N. Santa Fe, LLC*, No. 13-1664 (JRT/JSM), 2014 WL 11429037, at *4 (D. Minn. Sept. 16, 2014). "Where there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then [the court] may conclude that a moving party has failed to show good cause." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (quoting *Sherman*, 532 F.3d at 718). Although the Court may end its inquiry if an insufficient showing of good cause has been tendered, *Mountain Marketing Grp., LLC v. Heimerl & Lammers, LLC*, No. 14-cv-846 (SRN/BRT), 2015 WL 1954393, at *3 (D. Minn. 2015), a successful movant must also demonstrate that amendment would not be unduly prejudicial to the non-moving party. *Hartis*, 694 F.3d at 948.

### B.   Diligence Inquiry

As the magistrate judge noted, Solutran's argument for leave to amend is centered on the alleged discovery—after expiry of the amendment deadline—of new facts that rendered a willfulness claim viable for the first time. (Hr'g Tr. at 43:3-4.) In other words Solutran contends that, in part due to Defendants' dilatory production of relevant documents, it was not able to allege a plausible willfulness claim any sooner than it did. In support of this argument, it points to evidence produced in August and September of 2016 showing that Defendants were aware of Solutran's pending patent before it issued

in 2012. On this basis, Solutran contends that it has shown diligence and good faith in seeking amendment after the deadline to do so.

Judge Thorson rejected this argument and denied Solutran's motion to amend. The Court finds that her decision was sound and not clearly erroneous. At its most basic, Judge Thorson found that the problem with Solutran's analysis was that it misconstrues both the novelty of the evidence discovered in August and September, and the sort of diligence expected of the movant.

Initially, it is important to note that Solutran concedes it has never uncovered direct evidence that Defendants were aware of the '945 patent prior to commencement of this suit. (*Id.* at 6:22-25.) Instead, the "smoking gun" documents uncovered after the deadline to amend had passed show nothing more than Defendants' knowledge of the '945 patent *application*. This fact gives rise to two major complications. First, it is well-settled that knowledge of a patent application cannot be construed as knowledge of the patent itself, and thus cannot support a willfulness claim. *See, e.g.*, *Conopco, Inc. v. May Dep't Stores Co.*, 46 F.3d 1556, 1562 (Fed. Cir. 1994); *Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-cv-2024-RMW, 2016 WL 4427490, at *5 (N.D. Cal. Aug. 22, 2016) (observing that "one cannot infringe a patent application"). Second, the record shows quite clearly that Solutran first learned that Defendants were aware of the patent application in February 2016—over a month before the deadline to amend. (Hr'g Tr. at 4:10-13.) As the magistrate judge noted, these facts hardly support amendment at all, let alone diligent amendment.

To address these issues, Solutran raises two related arguments. First, it contends

that because mere knowledge of a patent application is insufficient to support a willfulness claim, it could not have amended based on the documents it had in February. (Pl.'s Obj. at 11.) Second, it argues that evidence showing Defendants were *monitoring* the patent application over a lengthy period of time *is* sufficient to produce a plausible inference that they were also aware of the patent itself. (*Id.* at 12.) It is this very evidence of monitoring activity that Solutran contends was first exposed after the amendment deadline. Thus, it contends that it could not have successfully amended any earlier than it did.

However, whether or not the evidence in Solutran's possession in February was insufficient, by itself, to support amendment of the Complaint, it was certainly sufficient to put Solutran on notice that further discovery might lead to such evidence. In an effort to comply with this Court's scheduling order, it was thus incumbent upon Solutran to make some effort to compel production of relevant discovery, or seek to extend the deadline to amend pleadings. *See, e.g.*, *FLOE Int'l, Inc. v. Newmans' Mfg. Inc.*, No. 04-cv-5120 (DWF/RLE), 2005 WL 6218040, at *3 (D. Minn. Nov. 9, 2005). Despite seeking (and receiving) alterations to various other deadlines, Solutran did not do so.

This Court recently had cause to review a similarly tardy motion to amend in this case brought by Defendants. *See Solutran*, 2016 WL 7377099. In successfully opposing the motion, Solutran repeatedly emphasized that an important aspect of diligence is prompt notice to the court of the need for a deadline extension as soon as facts supporting that need are discovered. (*See* Pl.'s Resp. to Defs.' Obj. [Doc. No. 132] at 11 ("Where a good reason prevents a party from meeting a deadline, that party should inform the Court

9

*in advance* to seek an extension.") (emphasis original).) There, Solutran criticized Defendants for failing to "inform the Court of its inability to meet the Court's second deadline before that deadline expired or in the five months that followed." (*Id.*) Needless to say, what Defendants must do, so must Solutran. The record before the Court clearly shows that as far back as February, Solutran had the information necessary to—if not move to amend—at least move to modify the scheduling order. Nothing about the evidence uncovered in August and September serves to alter the fact that it chose not to do so. Having failed to act diligently to comply with the scheduling order set forth by this Court, Solutran has not shown the good faith required under Rule 16(b)(4), and may not now amend its complaint.

**IV.     ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Magistrate Judge's Order Denying Motion for Leave to Amend Complaint [Doc. No. 148] are **OVERRULED**; and

2. The Magistrate Judge's November 30, 2016 Text Only Order [Doc. No. 145] is **AFFIRMED**.

Dated: January 10, 2017                               s/Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States District Judge