**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Solutran, Inc.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>U.S. Bancorp and Elavon, Inc.,<br><br>　　　　　Defendants. | Case No. 0:13-cv-02637 (SRN/BRT) |
| U.S. Bancorp and Elavon, Inc.,<br><br>　　　　　Counter-claimants,<br><br>v.<br><br>Solutran, Inc.,<br><br>　　　　　Counter-defendant. | **MEMORANDUM OPINION AND ORDER** |

David J. Wallace-Jackson, Robert J. Gilbertson, and Sybil Dunlop, Greene Espel PLLP, 222 South Ninth Street, Suite 2200, Minneapolis, Minnesota, for Plaintiff and Counter-defendant.

Ben D. Kappelman, Kenneth E. Levitt, Peter M. Lancaster, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, and J. Thomas Vitt, Jones Day, 90 South Seventh Street, Suite 4950, Minneapolis, Minnesota 55402, for Defendants and Counter-claimants.

SUSAN RICHARD NELSON, United States District Judge

In the instant patent infringement case, Defendants moved for summary judgment, arguing, *inter alia*, that Plaintiff's United States Patent No. 8,311,945 ("'945 patent") is

invalid under 35 U.S.C. § 101. (Defs.' Mot. for Summ. J. of Noninfringement and Invalidity [Doc. No. 170]; *see also* Am. Answer and Counterclaims of Defs. U.S. Bancorp and Elavon, Inc. [Doc. No. 17], Counterclaims ¶ 12.) Defendants argued that patent eligibility is a question of law that is typically resolved by the court before trial. (*See* Defs.' Mem. of Law in Supp. of Their Mot. for Summ. J. of Noninfringement and Invalidity [Doc. No. 173] ("Defs.' Mem. in Supp."), at 17.) Plaintiff did not assert that any issues of fact precluded summary judgment, but argued that the '945 patent is not invalid under § 101. (Solutran's Br. Opposing Defs.' Summ. J. Mot. [Doc. No. 194] ("Pl.'s Mem. in Opp'n"), at 17-37.)

On November 27, 2017, the Court issued an order denying Defendants' Motion for Summary Judgment. (Order dated Nov. 27, 2017 [Doc. No. 216].) The Court concluded that the '945 patent is not directed to a patent-ineligible abstract idea, and, even if it were, the patent contains "a sufficiently transformative inventive concept so as to be patent eligible." (*Id.* at 20, 23.) For those reasons, the Court denied Defendants' Motion. (*Id.* at 23.) Subsequently, the Court granted Plaintiff's Motion in Limine to exclude testimony, exhibits, and argument regarding patent eligibility under 35 U.S.C. § 101. (Minute Order [Doc. No. 287].)

Federal Rule of Civil Procedure 56(f) permits the Court to grant summary judgment independent of a motion by parties when the parties have had notice and a reasonable time to respond. *See UnitedHealth Grp. Inc. v. Exec. Risk Specialty Ins. Co.*, 870 F.3d 856, 866 (8th Cir. 2017). In the final pretrial conference, Defendants stipulated that they have

received notice and an opportunity to respond to the possibility of the Court granting summary judgment to Plaintiff on the issue of patent eligibility under § 101. (*See* Tr. of Final Pretrial Conference [Doc. No. 284], at 124.) Further, this issue was fully raised and discussed by the parties in their cross-motions for summary judgment. (Defs.' Mem. in Supp., at 17-31; Pl.'s Mem. in Opp'n, at 17-37.) Thus, the Court now exercises its power to grant summary judgment to Plaintiff on the issue of patent eligibility under 35 U.S.C. § 101, for the reasons stated in the November 27, 2017 Order. *See UnitedHealth Grp.*, 870 F.3d at 866; Fed. R. Civ. P. 56(f).

Based on the foregoing, and all the files, records and proceedings herein, the Court enters summary judgment for Plaintiffs finding that the '945 patent is patent eligible under 35 U.S.C. § 101.

Dated: February 23, 2018         **s/Susan Richard Nelson**
                                 SUSAN RICHARD NELSON
                                 United States District Judge