# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Solutran, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. Bancorp and Elavon, Inc.,<br><br>    Defendants. | Case No. 0:13-cv-02637 (SRN/BRT)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |
| U.S. Bancorp and Elavon, Inc.,<br><br>    Counter-claimants,<br><br>v.<br><br>Solutran, Inc.,<br><br>    Counter-defendant. | |

David J. Wallace-Jackson, Robert J. Gilbertson, and Sybil Dunlop, Greene Espel PLLP, 222 South Ninth Street, Suite 2200, Minneapolis, Minnesota, for Plaintiff and Counter-defendant.

Ben D. Kappelman, Kenneth E. Levitt, Peter M. Lancaster, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, and J. Thomas Vitt, Jones Day, 90 South Seventh Street, Suite 4950, Minneapolis, Minnesota 55402, for Defendants and Counter-claimants.

SUSAN RICHARD NELSON, United States District Judge

Defendant U.S. Bank filed a Motion in Limine to Exclude Evidence and Argument Regarding Defendants' Infringement [Doc. No. 233] ("Mot."). On November 27, 2017, the

Court issued an order granting Plaintiff's Motion for Summary Judgment. (Order dated Nov. 27, 2017 [Doc. No. 216].) The Court found as a matter of law that Defendants had infringed upon Plaintiff's United States Patent No. 8,311,945 ("'945 patent"). (*Id.*, at 10.) The case now proceeds to trial on the issue of damages, and on Defendants' counterclaims that the patent is invalid.

Defendant U.S. Bank has asked the Court to preclude Plaintiff from introducing evidence that the Court ruled that Defendants' products infringe the '945 patent. (Mot., at 1.) Defendant U.S. Bank argues that invalidity of the patent is at issue while infringement is not, and that permitting Plaintiff to re-try infringement would mislead the jury and unduly prejudice Defendants' invalidity argument. (*Id.* at 1-2.) Plaintiff responds that it should be permitted to advise the jury of the Court's prior ruling, for narrative context and as foundation for Plaintiff's other arguments. (Solutran's Resp. to Defs.' Mot. in Lim. to Exclude Evid. and Arg. Regarding Defs.' Infringement [Doc. No. 256], at 3.)

Another court in the district recently considered this issue. In *Bombadier Recreation Prods., Inc. v. Artic Cat Inc.*, No. 12-cv-2706, 2017 WL 5256741 (D. Minn. Nov. 11, 2017), the plaintiffs moved for authorization to disclose the fact that the court had found infringement of one of the patents at issue. Chief Judge Tunheim granted the motion, but cautioned the parties not to introduce the order finding infringement into evidence "or discuss it in detail." *Id.* at *3. The court also instructed the jury that "[t]he Court has already decided that Artic Cat infringed the '847 Patent so you will not need to make that

2

determination. You must still decide whether the '847 Patent is invalid." *Bombadier*, No 12-cv-2706 [Doc. No. 1064] (Jury Instructions, at 14).)

The Court agrees with Chief Judge Tunheim's approach in *Bombadier*. The jury should be informed that the Court has already found that Defendants infringed the '945 patent, but Plaintiffs should not present evidence or argument beyond that disclosure, at the risk of confusing the issues or causing prejudice to the Defendants. The Court's jury instructions will make it clear that, while the Court has found infringement, the jury must still consider whether the '945 patent is invalid. This approach will best balance the Plaintiff's interest in presenting a coherent story to the jury with the Defendants' interest in minimizing misleading or prejudicial evidence.

Plaintiff has notified the Court that the parties have resolved the dispute underlying their Motion in Limine No. 6 [Doc. No. 228]. The Court will deny that Motion as moot.

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion in Limine No. 6 to require US Bank to update its financial information through the end of 2017 [Doc. No. 228] is **DENIED AS MOOT.**

2. Defendant U.S. Bank's Motion in Limine to Exclude Evidence and Argument Regarding Defendants' Infringement [Doc. No. 233] is **GRANTED IN PART, DENIED IN PART** as outlined above.

Dated:  February 23, 2018         **s/Susan Richard Nelson**
                                  SUSAN RICHARD NELSON
                                  United States District Judge