## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Solutran, Inc., | Case No. 0:13-cv-02637 (SRN/BRT) |
| Plaintiff, | |
| v. | |
| U.S. Bancorp and Elavon, Inc., | |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |
| U.S. Bancorp and Elavon, Inc., | |
| Counter-claimants, | |
| v. | |
| Solutran, Inc., | |
| Counter-defendant. | |

Robert J. Gilbertson, David J. Wallace-Jackson, and Sybil Dunlop, Greene Espel PLLP, 222 South Ninth Street, Suite 2200, Minneapolis, Minnesota, for Plaintiff and Counter-defendant.

Peter M. Lancaster, Ben D. Kappelman, and Kenneth E. Levitt, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, and J. Thomas Vitt, Jones Day, 90 South Seventh Street, Suite 4950, Minneapolis, Minnesota 55402, for Defendants and Counter-claimants.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

The Court now rules upon Defendant U.S. Bank's Motion in Limine to Preclude Calling Defendants' Legal Assistant Providing Bank Litigation Support as a Witness or Eliciting Similar Evidence [Doc. No. 231] and Motion in Limine to Exclude Argument that Defendants' Infringement was Willful [Doc. No. 235]. For the reasons stated below, the Court grants the latter motion and denies the former as moot.

## II.    BACKGROUND

On September 25, 2013, Plaintiff filed a Complaint against Defendants, alleging infringement of its United States Patent No. 8,311,945 ("'945 patent"). (Compl. [Doc. No. 1].) The deadline to submit motions to amend the pleadings was initially set for September 1, 2014, but it was moved to April 1, 2016 after the case was stayed for a time. (*See* Pretrial Scheduling Order [Doc. No. 28]; Order dated Sept. 18, 2014 [Doc. No. 50]; Am. Pretrial Scheduling Order [Doc. No. 69].) On November 11, 2016, more than seven months after the deadline for such motions had expired, Plaintiff moved for leave to amend its Complaint. (Solutran's Mot. for Leave to Amend its Compl. [Doc. No. 133].) Plaintiff sought leave to amend its Complaint "to assert a claim of willful infringement" based on discovery indicating that Defendant U.S. Bank had been aware of Plaintiff's patent before Plaintiff filed suit. (Solutran's Mem. in Supp. of its Mot. for Leave to Amend its Compl. [Doc. No. 135], at 1.) Plaintiff's Proposed Amended Complaint would have included new allegations that "Defendants' infringement has been and continues to be willful and showing

a reckless disregard for Solutran's intellectual-property rights within the meaning of 35 U.S.C. § 284." (Aff. of Eric Ernstene [Doc. No. 136], Ex. B [Doc. No. 136-1] (Redline Proposed Am. Compl. ¶ 13).)

After a hearing, Magistrate Judge Thorson denied Plaintiff's Motion. (*See* Nov. 29, 2016 Minute Entry [Doc. No. 144]; Text Only Entry [Doc. No. 145].) Plaintiff objected, and the Court affirmed the Magistrate Judge's decision. (Order dated Jan. 10, 2017 [Doc. No. 162].) The Court found that Plaintiff had not shown good cause to amend under Federal Rule of Civil Procedure 16(b)(4). (*Id.* at 7-10.) Though Plaintiff argued that it did not receive discovery supporting a claim of willful infringement until after the deadline for motions to amend had passed, the Court agreed with the Magistrate Judge that Plaintiff at that time had access to adequate information to know that it could make a claim of willful infringement, or, at least, that it should "make some effort to compel production of relevant discovery, or seek to extend the deadline to amend pleadings." (*Id.* at 9.) The parties proceeded to summary judgment, and the Court issued an Order granting summary judgment to Plaintiff on the issue of infringement. (*See* Order dated Nov. 27, 2017 [Doc. No. 216].)

Defendant U.S. Bank has filed a Motion in Limine to Exclude Argument that Defendants' Infringement was Willful [Doc. No. 235], claiming that such argument violates the Court's prior Order denying leave to amend, and that willfulness is irrelevant in this case, where the Court has already ruled that Defendants infringed upon Plaintiff's '945 patent. Plaintiff responds that it seeks only to offer evidence of post-suit

3

willfulness, which it argues was adequately plead and not foreclosed by the prior order. (Solutran's Resp. to Defs.' Mot. in Lim. to Exclude Evid. and Arg. on Willfulness [Doc. No. 258] ("Pl.'s Willfulness Resp."), at 2-6.)

Defendant U.S. Bank has also filed a Motion in Limine to Preclude Calling Defendants' Legal Assistant Providing Bank Litigation Support as a Witness or Eliciting Similar Evidence [Doc. No. 231]. Plaintiff states that it plans to call this legal assistant, Ms. Dayna Munsch, to provide testimony supporting its post-suit willfulness argument. (Tr. of Final Pretrial Conference [Doc. No. 284] ("Tr."), at 109.) Plaintiff asserts that U.S. Bank's document-retention policy is so lax as to be willfully destructive, and that Ms. Munsch will testify that it resulted in the destruction of discoverable emails. (Solutran's Resp. to Defs.' Mot. in Lim. to Preclude Calling Defs.' Legal Assistant as a Witness or Eliciting Similar Evid. [Doc. No. 259] ("Pl.'s Witness Resp.", at 2-4).) Plaintiff concedes that, if it is not permitted to argue willfulness to the jury, then it will not seek to call Ms. Munsch and Defendants' Motion to exclude her testimony will be moot. (Tr., at 109.)

## III. DISCUSSION

Upon a finding of infringement, the law permits the holder of the patent to seek enhanced damages for egregious infringement behavior. 35 U.S.C. § 284; *see Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). The district court has discretion to decide whether willful infringement justifies enhanced damages. *Halo*, 136 S. Ct. at 1932. The Federal Circuit has held that the Supreme Court's decision in *Halo* did not change "the

established law that the factual components of the willfulness question should be resolved by the jury." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016).

Plaintiff claims that it should be permitted to argue post-suit willfulness because it was adequately plead in Complaint. The Complaint seeks "all damages that are available pursuant to 35 U.S.C. § 284," which Plaintiff argues includes enhanced damages for willful conduct after the filing of the suit. (Compl. ¶ 17.d.) The Complaint was filed, of course, at the beginning of the suit, and thus does not include any allegations of willfulness after the initiation of the suit. But when Plaintiff moved to amend the complaint, it sought to add the allegation that Defendants' infringement was *and continues to be* willful. (*See* Aff. of Eric Ernstene, Ex. B (Redline Proposed Am. Compl.).) Further, Defendants point out that Plaintiff was aware of U.S. Bank's document-retention policy, which it relied upon to assert post-suit willfulness, before it filed the Motion for Leave to Amend. (Tr., at 98.) The post-suit willfulness argument that Plaintiff makes in opposition to Defendants' Motion in Limine was available when it sought leave to amend its Complaint, but Plaintiff did not make it then. Plaintiff's Motion for Leave to Amend its Complaint was denied, and Plaintiff cannot now seek to change that result. Plaintiff has made no other motion to amend its Complaint to add allegations of post-suit willfulness. For this reason, Defendant U.S. Bank's Motion to exclude evidence of willfulness will be granted.

Further, even if the post-suit willfulness claim were properly plead, the Court finds that the factual evidence of discovery misconduct that Plaintiff seeks to admit is inadmissible for several reasons. First, the evidence does not seem to support the

conclusion that Plaintiff argues that it should be admitted to prove. Plaintiff argues that U.S. Bank's document-retention policy, which instructs employees to forward emails relevant to a litigation hold into a separate mailbox, permitted the destruction of discoverable documents related to the infringement of Plaintiff's patent. (Pl.'s Witness Resp., at 2-5.) Because attempting to cover up infringement is one factor that can be considered to evaluate a claim of willfulness, Plaintiff asserts that Ms. Munsch's testimony supports its argument of post-suit willfulness. (*Id.* at 5 (citing Fed. Circuit Bar Ass'n, *Model Patent Jury Instructions*, No. 3.10 (2016)).) But Plaintiff admits that this was U.S. Bank's "standard document-retention policy," and it provides no evidence to show that the document-retention policy was intentionally employed to cover up the infringement of Plaintiff's patent. (*Id.* at 2.) The Court fails to see anything but the most tenuous connection between U.S. Bank's document-retention policy and the kind of concealment conduct that could support a claim of willful infringement.

Further, even if the evidence is probative of willfulness, the weak inference it raises is substantially outweighed by the danger of unfair prejudice. The testimony that Plaintiff seeks to admit from its examination of Ms. Munsch could confuse and mislead the jury, encouraging it to punish Defendants for alleged litigation misconduct rather than for willful infringement. *See Briggs & Stratton Corp. v. Kohler Co.*, No. 05-cv-25, 2005 WL 3447979, at *6 (W.D. Wis. Dec. 15, 2005) (finding that evidence of litigation misconduct "would most certainly confuse the issues, mislead the jury and waste time"). Thus, the Court also concludes that the evidence Plaintiff seeks to admit should be excluded under

Federal Rule of Procedure 403, which permits exclusion of evidence when the probative value is substantially outweighed by the danger of unfair prejudice.

Finally, evidence of litigation misconduct is typically presented to the Court and not to the jury.  *See Briggs & Stratton Corp.*, 2005 WL 3447979, at *5 (citing *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1311 (Fed. Cir. 2001)). Plaintiff might have moved the Court to issue sanctions under Federal Rule of Civil Procedure 37 when it learned of U.S. Bank's document-retention policy, but it did not.  And though this Order will preclude Plaintiff from offering evidence of litigation misconduct to the jury, it does not preclude Plaintiff from presenting that evidence to the Court, after a jury determination of damages, to support a claim for enhanced damages under 35 U.S.C. § 284. *See Briggs & Stratton Corp.*, 2005 WL 3447979, at *6.

The Court will grant Defendant U.S. Bank's Motion in Limine to Exclude Argument that Defendants' Infringement was Willful.  Because Plaintiff admits that it will not call Ms. Munsch except to support a claim of willfulness, the Court denies as moot Defendants' motion to preclude that testimony.  Further, Plaintiff has notified the Court that the parties have resolved the dispute underlying their Motion in Limine No. 4 [Doc. No. 228].  The Court will deny that Motion as moot as well.

## IV.    CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.  Plaintiff's Motion in Limine No. 4 to redesignate as "confidential" any "attorneys' eyes only" exhibits and permit party representatives to remain in courtroom during testimony about those topics [Doc. No. 228] is **DENIED AS MOOT.**

2.  Defendant U.S. Bank's Motion in Limine to Preclude Calling Defendants' Legal Assistant Providing Bank Litigation Support as a Witness or Eliciting Similar Evidence [Doc. No. 231] is **DENIED AS MOOT**.

3.  Defendant U.S. Bank's Motion in Limine to Exclude Argument that Defendants' Infringement was Willful [Doc. No. 235] is **GRANTED**.


Dated:  February 26, 2018                    **s/Susan Richard Nelson**
                                             SUSAN RICHARD NELSON
                                             United States District Judge