UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Solutran, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. Bancorp and Elavon, Inc.,<br><br>    Defendants. | Case No. 13-cv-02637 (SRN/BRT) |
| U.S. Bancorp and Elavon, Inc.,<br><br>    Counter-claimants,<br><br>v.<br><br>Solutran, Inc.,<br><br>    Counter-defendant. | **MEMORANDUM OPINION<br>AND ORDER** |

Robert J. Gilbertson, David J. Wallace-Jackson, and Sybil Dunlop, Greene Espel PLLP, 222 South Ninth Street, Suite 2200, Minneapolis, Minnesota, for Plaintiff and Counter-defendant.

Peter M. Lancaster, Ben D. Kappelman, and Kenneth E. Levitt, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, and J. Thomas Vitt, Jones Day, 90 South Seventh Street, Suite 4950, Minneapolis, Minnesota 55402, for Defendants and Counter-claimants.

SUSAN RICHARD NELSON, United States District Judge

## I.      INTRODUCTION

The Court now addresses Plaintiff's Motion in Limine No. 2 to exclude evidence, testimony, exhibits, and argument related to BankServ [Doc. No. 228]. For the reasons stated below, the Court grants the motion in part and defers ruling in part.

## II.     BACKGROUND

On September 25, 2013, Plaintiff filed a Complaint against Defendants, alleging infringement of its United States Patent No. 8,311,945 ("'945 patent"). (Compl. [Doc. No. 1].) Patent '945 was issued to Plaintiff on November 13, 2012. (*Id.*, Ex. A [Doc. No. 1-1].) As required by the Pretrial Schedule, Defendants served their invalidity contentions on August 15, 2014. (*See* Ernstene Aff. [Doc. No. 105] ¶ 2-3.) The case was subsequently stayed while Defendants pursued a Covered Business Method review with the Patent Trial and Appeal Board. (*See generally* Order dated Sept. 18, 2014 [Doc. No. 50].) After the stay was lifted, Magistrate Judge Thorson issued an amended pretrial scheduling order that allowed Defendants to amend their invalidity contentions by April 15, 2016, provided that they could demonstrate good cause to do so. (Am. Pretrial Scheduling Order [Doc. No. 69], at 4.)

Defendants moved to amend their invalidity contentions to include, among other things, a system called BankServ. (*See* Mot. for Leave to Amend Invalidity and Noninfringement Contentions [Doc. No. 98].) Defendants describe BankServ as "an electronic check conversion product offered by BankServ Check Services between 1999

and at least 2002." (U.S. Bank's Opp'n to Solutran's Mots. in Lim. [Doc. No. 265] ("Defs.' Mem. in Opp'n"), at 11.) The Magistrate Judge denied Defendants' motion, finding that Defendants had not met their burden to show diligence and that allowing amendment would be prejudicial to Plaintiff. (Minute Entry dated Oct. 3, 2016 [Doc. No. 114].) Defendants objected, and this Court affirmed the Magistrate Judge's decision. (*See* Order dated Dec. 20, 2016 [Doc. No. 151].) Defendants concede that, because of the Magistrate Judge's order, they cannot offer evidence of BankServ's process to support their claims of patent invalidity. (Tr. of Final Pretrial Conference [Doc. No. 284] ("Tr."), at 43.)

Defendants seek to admit evidence relating to BankServ for other purposes, however, and Plaintiff has moved to exclude that evidence. (Solutran's Mots. in Lim. [Doc. No. 228], ¶ 2.) Plaintiff has also expressed concern that some of Defendants' exhibits appear to reference other prior art that was not disclosed in Defendants' invalidity contentions, which Defendants plan to use for other purposes at trial.[1] (*See* Tr., at 35-37.)

Defendants respond that even though BankServ was excluded for invalidity purposes, it is still relevant and admissible for other purposes at trial, such as to rebut allegations of copying and to counter Plaintiff's damages claims. (Defs.' Mem. in Opp'n, at 10-16.)

---

[1] The Court's ruling in this Order will apply to any attempt by Defendants to present evidence of nondisclosed or previously excluded prior art. The Court will expect the parties to raise timely objections to such evidence.

## III.   DISCUSSION

Defendants contend that they should be permitted to introduce evidence of the BankServ system for four purposes: (1) to rebut Plaintiff's argument that Defendants' infringement was willful because they copied Plaintiff's patent '945; (2) to rebut Plaintiff's argument that Defendants' copying of patent '945 shows that the patent is nonobvious; (3) to counter Plaintiff's claim of lost profits by showing that BankServ was an available noninfringing alternative; and (4) in the reasonable royalty analysis, to show that patent '945 lacked utility or advantages over old modes or devices.[2]  (Defs.' Mem. in Opp'n, at 11-13; Tr., at 45-48.)

These first two purposes relate to copying.  The first is moot, because the Court has granted Defendant U.S. Bank's Motion in Limine to Exclude Argument that Defendants' Infringement was Willful [Doc. No. 235].  (*See* Order dated Feb. 26, 2018 [Doc. No. 297].)  The second purpose is too closely related to Defendants' invalidity claims.  If Plaintiff offers evidence of copying to show nonobviousness, it will be to counter Defendants' claim that patent '945 is invalid because it is obvious under 35 U.S.C. § 103.  Thus, if Defendants use BankServ to rebut that evidence and show that they did not copy Plaintiff's patent, they

---

[2]   The Court notes a fundamental inconsistency between these purposes.  To introduce BankServ evidence to rebut Plaintiff's argument of copying as a secondary factor showing nonobviousness, Defendants would be asserting they modified the BankServ process instead of copying patent '945.  That argument depends upon a fundamental similarity between the BankServ process and Plaintiff's patented process.  But to offer BankServ as an available noninfringing alternative, Defendants must differentiate the two processes enough to argue that BankServ's process is noninfringing.  Stated another way, Defendants propose to argue that BankServ's process is both the same as, and different from, Plaintiff's patented process.  This could easily confuse the jury.

4

would essentially be using it to show that patent '945 is invalid for obviousness. This purpose undermines the Magistrate Judge's order denying Defendants' motion to amend their invalidity contentions. The Court will not permit Defendants to introduce evidence of the BankServ process or other nondisclosed prior art to rebut accusations of copying.

Defendants make a stronger argument for admitting evidence related to BankServ to counter Plaintiff's damages claims. Plaintiff seeks to recover lost profits. Under the *Panduit* standard, this requires Plaintiff to show the lack of an available, noninfringing alternative process that Defendants might have used instead of infringing the patent. *See Grain Processing Corp. v. Am. Maize-Products Co.*, 185 F.3d 1341, 1351 (Fed. Cir. 1999); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.3d 1161, 1165 (Fed. Cir. 1991). Defendants claim that BankServ's process was an acceptable alternative to the process that infringed upon Plaintiff's patent '945. (Defs.' Mem. in Opp'n, at 13.) Plaintiff responds that BankServ was not "on the market" while Defendants were infringing patent '945, so it cannot be offered as an "available" alternative. (Tr., at 41.)

"When an alleged alternative is not on the market during the accounting period, a trial court may reasonably infer that it was not available as a noninfringing substitute at that time." *Grain Processing*, 185 F.3d at 1353. However, the infringing party may overcome that inference by showing that the substitute was available during the lost-profits accounting period based on "alternative actions" that the infringing party "reasonably could have taken to avoid infringement." *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1331 (Fed. Cir. 2009). Defendants have stated that the BankServ process, though not

5

in use during infringement period here, could easily have been put into use to substitute for the infringing process. (Tr., at 48.) The Court has not seen evidence to this effect, so the Court will defer ruling on the question of whether Defendants may submit the BankServ process or other nondisclosed prior art as an available noninfringing alternative to Plaintiff's patented process. The Court will permit a proffer made by Defendants' experts, in advance of their testimony and out of the hearing of the jury, as to the availability of the BankServ process during the accounting period and whether it was noninfringing. The Court will then evaluate whether the evidence relating to BankServ is admissible to counter Plaintiff's claims for lost profits.

Defendants also argue that BankServ's process is admissible to counter Plaintiff's claim for reasonable royalties, because one of the factors to consider in determining a reasonable royalty is "[t]he utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results." *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Again, the Court will defer ruling on this issue, and will invite Defendants to proffer evidence from their experts that the BankServ process is an "old mode or device" that should inform the reasonable royalty determination.

Should the Court determine that such evidence will be admissible for contesting damages, it will be for a limited purpose and Defendants are admonished not to attempt to use evidence of the BankServ process or other nondisclosed prior art to argue invalidity to the jury. For instance, no element-by-element comparison will be permitted. Even if

6

probative, such a comparison would result in unfair prejudice to Plaintiff outweighing that probative value. *See* Fed. R. Civ. P. 403. Any introduction of evidence relating to BankServ or other nondisclosed prior art will result in a limiting instruction. That instruction should be anticipated and agreed upon, if possible, by the parties. If no agreement can be reached on a limiting instruction, the parties are directed to submit their proposals to the Court by 12:00 pm on March 2, 2018.

To guard against the possibility that jurors may misapply evidence or argument relating to nondisclosed prior art, the Special Verdict Form will direct the jury, if it finds invalidity, to identify the invalidating prior art. If the jury lists prior art that was not properly admissible for that purpose, such as the BankServ process, that verdict will not be accepted by the Court.

## IV.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine No. 2 to exclude evidence testimony, exhibits, and argument related to BankServ [Doc. No. 228] is **GRANTED IN PART AND DEFERRED IN PART** as described herein.


Dated:  February 28, 2018          **s/Susan Richard Nelson**
                                   SUSAN RICHARD NELSON
                                   United States District Judge