UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Solutran, Inc., <br><br> Plaintiff, <br><br> v. <br><br> U.S. Bancorp and Elavon, Inc., <br><br> Defendants. | Case No. 13-cv-02637 (SRN/BRT) |
| U.S. Bancorp and Elavon, Inc., <br><br> Counter-claimants, <br><br> v. <br><br> Solutran, Inc., <br><br> Counter-defendant. | **AMENDED[1] MEMORANDUM OPINION AND ORDER** |

Robert J. Gilbertson, David J. Wallace-Jackson, and Sybil Dunlop, Greene Espel PLLP, 222 South Ninth Street, Suite 2200, Minneapolis, Minnesota, for Plaintiff and Counter-defendant.

Peter M. Lancaster, Ben D. Kappelman, and Kenneth E. Levitt, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, and J. Thomas Vitt, Jones Day, 90 South Seventh Street, Suite 4950, Minneapolis, Minnesota 55402, for Defendants and Counter-claimants.

---

[1] The original Memorandum Opinion and Order on this matter incorrectly stated that the Randle '717 application was not a continuation-in-part of the Randle '283 application. (*See* Order dated March 3, 2018 [Doc. No. 314], at 5-6.) That error has been corrected below. *See infra* Part I.C.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

The Court now addresses Plaintiff's Motions in Limine No. 3, to exclude testimony, exhibits, and argument regarding the Randle prior-art reference, and No. 7, to exclude evidence and argument relating to 35 U.S.C. § 103 [Doc. No. 228], as well as Defendant U.S. Bank's Motion in Limine to Exclude Evidence of the Patent Office's Covered Business Method Review [Doc. No. 234].  For the reasons stated below, the Court denies Plaintiff's Motion No. 7 and defers ruling upon the remaining motions.

## II.    BACKGROUND

### A. Plaintiff's Patent '945

On September 25, 2013, Plaintiff filed a Complaint against Defendants, alleging infringement of its United States Patent No. 8,311,945 ("'945 patent").  (Compl. [Doc. No. 1].)  The '945 patent claims a system and method for processing check transactions.  (*Id.*, Ex. A [Doc. No. 1-1] (Patent '945).)  The '945 patent process, which Plaintiff has marketed as "Solutran's POS [Point of Sale] Imaging Network," or "SPIN," converts a paper check into two electronic files: a data file containing key transaction information and a digital image of the check.  (Compl. ¶ 9; *id.*, Ex. A.)  When a check is presented to a business, the business creates the data file at the point of sale and sends it to a third-party payment processor ("TPPP"), which uses that data to credit the payee's account.  (*Id.*, Ex. A (Patent

'945, at 12[2]).) The data file includes, inter alia, the amount of the transaction and the check's Magnetic Ink Character Recognition ("MICR") information. (*Id.* at 15.) After the account is credited, the business sends the original check to the TPPP, which creates a digital image of the check and associates that image with the check's MICR information. (*Id.*) The TPPP then compares the initial data file with the digital image to confirm matches or identify and resolve discrepancies. (*Id.* at 12.) The digital image can then be indexed in the Automated Clearing House ("ACH") network, if eligible, or otherwise presented for settlement and archived. (*Id.* at 9, 12, 16.) Essential to the patent '945 process is that

> The data files and image files are separated both in time and space, with the data files being used to promptly initiate the transfer of funds to and from appropriate accounts, while the paper checks, at a remote location and typically lagging in time, are scanned to create digital image files and deposited as an image or substitute check if deemed ACH ineligible.

(*Id.* at 2.)

### B. Covered Business Method Review and Randle '283

In February 2014, U.S. Bank petitioned for a Covered Business Method ("CBM") review of the '945 patent before the U.S. Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB"), arguing that: (1) the patent was invalid under 35 U.S.C. § 101; and (2) the patent's claims were unpatentable under 35 U.S.C. § 103 as obvious. *See U.S. Bancorp v. Solutran, Inc.*, No. CBM2014-00076, 2014 WL 3943913, at *1 (PTAB Aug. 7, 2014) ("*Bancorp I*"). The PTAB rejected U.S. Bank's § 101 argument, but instituted the CBM proceeding based on the § 103 argument. *See id.*, at *6-13. While the CBM review

---

[2] All references to page numbers in this Opinion are those assigned by the CM/ECF system.

was underway, this Court stayed proceedings in the district court action. (*See generally* Order dated Sept. 18, 2014 [Doc. No. 50].)

U.S. Bank argued that the prior art represented in Figure 2 of the '945 patent, combined with Published Patent Application No. US 2005/0071283 ("Randle '283"), fully discloses or renders obvious the '945 patent. *U.S. Bancorp v. Solutran, Inc.*, No. CBM2014-00076, 2015 WL 4698463, at *8 (PTAB Aug. 5, 2015) ("*Bancorp II*"). The PTAB summarized the process contained in Randle '283: "According to Randle, the deposit bank captures a check and related information by scanning to create an image of the check, which is in addition to creating a data file containing MICR data of the check." *Id.*, at *9. Then, the data file and "image plus data file" are "separately manipulated and processed for settlement, payment and clearing." *Id.* (internal citation omitted). By creating two different-sized packages of data for each check, Randle '283 allows clearing houses to "timely notify financial institution participants of debit and credit obligations that will accrue upon actual receipt and processing of the imaged instruments." *Id.* (internal citation omitted).

U.S. Bank held up Randle '283 as disclosing or making obvious several elements of the '945 patent. Specifically, it asserted in its petition that Randle '283 made obvious: (1) that the digital imaging of a check could be outsourced to a third party, as described in the '945 patent's Claims 1c, 4d, and 5d; (2) that a computer could compare the MICR information from a data file with the MICR information derived from a digital image, as described in the '945 patent's Claim 1d, 4e, and 5e; (3) that the digital-scan and account-

4

crediting steps could be reversed, as described in the '945 patent's Claim 1c, 4d, and 5d; (4) that the creation and comparison of the data file and digital image could include exception processing procedures to resolve unmatched or mismatched data, as described in the '945 patent's Claim 2e; (5) that the files could be compared using the check's MICR information, as described in the '945 patent's Claim 3; and (6) that the digital image file could be used to settle checks that are not eligible for ACH processing, as described by the '945 patent's Claim 4f.  *See U.S. Bancorp v. Solutran, Inc.*, No. CMB2014-00076 (Petition).

The PTAB found that the combination of Figure 2 and Randle '283 did not render the '945 patent obvious. *Bancorp II*, 2015 WL 4698463, at *16.  The PTAB rejected U.S. Bank's argument that it was obvious to reverse the sequence of the check-scanning step and the account-crediting step. *Id.*  Upon finding that U.S. Bank had failed to prove that Claim 1 was obvious, the PTAB also rejected U.S. Bank's challenge to Claims 2, 3, and 6, which were dependent upon Claim 1, and Claims 4 and 5, which were similar to Claim 1 and included additional limitations. *Id.*  The Federal Circuit Court of Appeals affirmed the PTAB's decision that the '945 patent was not invalid for obviousness, *see U.S. Bancorp v. Solutran, Inc.*, 668 F. App'x 363 (Mem.) (Fed. Cir. Aug. 8, 2016), and this Court lifted the stay of this case, (*see* Jan. 12, 2016 Text Only Order [Doc. No. 62]).

### C. Defendants' Expert Report Relying upon Randle '717

The parties now disagree about whether Defendants may admit evidence of Published Patent Application No. US2006/0106717 ("Randle '717").  Randle '717 is a

continuation-in-part from Randle '283. (*See* Decl. of Ben Kappelman [Doc. No. 267] ("Kappelman Decl."), Ex. Q [Doc. No. 267-8] (Randle '717, at 2).) Both describe similar methods for the electronic processing of checks.

Randle '717 describes an "end to end check processing" system beginning with "the simultaneous capture of check payment data and an electronic image of the check," after which the "image and data file transmission is optimized over a network connection using a data with image to follow protocol dependent upon bandwidth capability and/or criticality of data." (*Id.* at 2.) Unlike Randle '283, Randle '717 incorporates the possibility that check data could be fully processed through the ACH network. (*Id.* at 26.)

Defendants' invalidity expert, McEntee, argues in his second revised expert report that the '945 patent is obvious in light of Randle '717. (Decl. of Eric Ernstene [Doc. No. 236] ("Ernstene Decl."), Ex. B [Doc. No. 236-2] (McEntee Excerpt).) McEntee opines that Randle '717 discloses or renders obvious nearly every claim of the '945 patent, including those claims that the PTAB considered in light of Randle '283 (*i.e.* Claims 1c-d, 2e, 3, 4d-f, and 5d-e). (*Id.*) Specifically, he states that Randle '717 makes obvious: (1) that the processing of a check could include the separate creation of both a data file with transaction information (including MICR information and transaction amount) and a digital image of the check, as described by the '945 patent's Claims 1a-b, 4a-c, 5a, and 5c; (2) that the digital image of a check could be associated with the check's MICR information, as described in the '945 patent's Claims 1c, 4d, and 5d; (3) that a computer could compare the MICR information from a data file with the MICR information derived from a digital image, as

6

described in the '945 patent's Claim 1d, 3, 4e, and 5e; (4) that the creation and comparison of the data file and digital image could include exception processing procedures to resolve unmatched or mismatched data, as described in the '945 patent's Claim 2e; (5) that a separate path could be employed to process the digital images of checks not eligible for ACH processing, as described in the '945 patent's Claim 4b; and (6) that a processing entity could service multiple merchants, as described in the '945 patent's Claim 5b.  (*Id.*)

### D. Parties' Motions

Plaintiff moves to exclude reference to Randle '717 at trial, arguing that estoppel applies to bar Defendants from arguing the same grounds that they argued in the CBM proceeding.  (Solutran's Br. Supporting its Mots. in Lim. [Doc. No. 230] ("Pl.'s Mem. in Supp."), at 6-8.)  Plaintiff also argues that Defendants are estopped from arguing invalidity under 35 U.S.C. § 103, because the PTAB issued a final decision based on that statute.  (*Id.* at 14-15.)  Defendants respond that the scope of estoppel from a CBM review is narrow, and that their invalidity argument based on Randle '717 is substantially different from their arguments before the PTAB.  (Defendants' Supplemental Br. in Opp'n to Solutran's Mot. in Lim. to Exclude Randle '717 [Doc. No. 285] ("Defs.' Mem. in Opp'n").)

Defendant U.S. Bank has moved to exclude reference to the CBM review before the PTAB.  (U.S. Bank's Mot. in Lim. to Exclude Evid. of the Patent Office's Covered Business Method Review [Doc. No. 234] ("Defs.' Mem. in Supp.").)  Defendants argue that admitting evidence of the CBM review, which carries a different standard of proof, would be prejudicial.  (*Id.*)  Plaintiff responds that the CBM review is relevant, and that the Court

7

can instruct the jury about the disparate standards of proof. (Solutran's Response to Defendants' Motion in Limine to Exclude Evidence of the Patent Office's Covered Business Method Review [Doc. No. 257].)

## III. DISCUSSION

### A. Scope of Estoppel

The law creating CBM review before the PTAB includes the following estoppel provision:

> The petitioner in a transitional proceeding that results in a final written decision under section 328(a) of title 35, United States Code, with respect to a claim in a covered business method patent, or the petitioner's real party in interest, may not assert . . . in a civil action arising in whole or in part under section 1338 of title 28, United States Code . . . that the claim was invalid on any ground that the petitioner raised during that transitional proceeding.

*See* Pub. L. 112-27, § 18(a)(1)(D), 125 Stat. 330 (2011). Defendant U.S. Bank was the petitioner in the CBM review, so it is estopped from arguing that the '945 patent is invalid "on any ground" that it raised before the PTAB.

Plaintiff argues that, because U.S. Bank's CBM challenge was based on 35 U.S.C. § 103, Defendants are estopped from arguing invalidity under that statutory provision. (Pl.'s in Supp., at 14-15.) Plaintiff thus asserts that "ground" in the estoppel provision encompasses the statutory basis for an invalidity challenge to the patent. Plaintiff's position well exceeds the scope of estoppel as defined by the Federal Circuit Court of Appeals in *Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.*, 817 F.3d 1293 (Fed. Cir. 2016).

8

Shaw petitioned the PTAB for inter partes review[3] of a patent, alleging that several combinations of prior art rendered the patent obvious under 35 U.S.C. § 103. *Id.* at 1296. The PTAB instituted review on most of these claims, but did not institute review of "ground 11, alleging that all the interposing claims were anticipated by U.S. Patent No. 4,515,328 ("Payne") ("the Payne-based ground")." *Shaw*, 817 F.3d at 1296. Shaw attempted to appeal the PTAB's decision not to institute review on the Payne-based ground, and sought a writ of mandamus compelling the PTAB to institute review. *Id.*, at 1299. Shaw's mandamus argument "was predicated on its concern that the statutory estoppel provisions would prevent it from raising the Payne-based ground in future proceedings." *Id.*

The court held that Shaw would not be estopped from raising the Payne-based ground for invalidity under § 103, because the PTAB's decision not to institute review of the Payne-based ground meant that it had not been raised *during* the inter partes review. *Id.* at 1300. If estoppel applied to bar all § 103 claims once the PTAB had considered any claims based on § 103, then the Payne-based ground would have been estopped regardless of whether the PTAB decided to institute review upon it. Thus, the Federal Circuit's decision in *Shaw* makes clear that estoppel from a CBM review does not apply based on the *statutory* grounds of the challenge, but based on a more narrow ground. For this reason, Plaintiff's Motion in Limine No. 7 to exclude evidence and argument relating to 35 U.S.C. § 103 will be denied.

---

[3] Although inter partes review is subject to broader estoppel rules, estoppel from inter partes review is also defined in terms of "grounds" of the challenge before the PTAB. *See* 35 U.S.C. § 315(e).

The estoppel provision applying to CBM review is a fairly new legal rule, and case law does not clearly define its scope. *Cf. Clearlamp, LLC v. LKQ Corp.*, No. 12-cv-2533, 2016 WL 4734389, at *7 (N.D. Ill. March 18, 2016) ("Section 315(e)(2) estoppel is fairly new and the Federal Circuit has yet to define its scope."). But the Court can gain guidance from the Federal Circuit's discussion of the term "grounds" in the context of post-grant review before the PTAB. In *Shaw*, the Federal Circuit described several different "grounds" for obviousness that constituted varied combinations of prior art. *See Shaw*, 817 F.3d, at 1296-97. In *Genzyme Therapeutic Products Limited Partnership v. Biomarin Pharmaceutical Inc.*, the Federal Circuit described two "grounds" for obviousness, each of which combined the same two prior art references with a different third reference. 825 F.3d 1360, 1364 (Fed. Cir. 2016); *also cf. Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131 (2016) (referring to the "obviousness ground" in a petition for inter partes review that the claim was "obvious in light of three prior patents"). In light of these examples, the Court agrees with Defendants that the word "ground" in the CBM estoppel provision refers to a discrete claim of invalidity based upon a prior art or a combination of prior art. *See Clearlamp*, 2016 WL 4734389, at *8.

### B. Defendants' Arguments based on Randle '283 and Randle '717

The parties do not dispute that Defendants would be estopped from using Randle '283 to argue invalidity to the jury. Randle '717 is a different application, but it bears similarity to Randle '283; it is a continuation-in-part from Randle '283, published close in time to Randle '283, and also describing electronic check-processing systems. To

10

determine whether estoppel applies to bar Randle '717, the Court must determine whether the disclosures that Defendants rely upon to argue obviousness are essentially the same as the disclosures in Randle '283.  If Randle '717 does not provide any new disclosures or features that Defendants could not have argued from Randle '283, then it will be estopped. *See Infernal Tech., LLC v. Elec. Arts Inc.*, No. 2:15-cv-1523, 2016 WL 9000458, at *3-4 (E.D. Tex. Nov. 11, 2016) (considering a motion to stay pending PTAB proceedings considering 2 of the 22 disclosed prior art references; noting that if the PTAB finds for the patent owner, the court would be "required to assess whether estoppel applies to invalidity defenses based on 20 prior art references EA withheld from its IPR petitions").

Plaintiff asserts that Randle '717 does not disclose elements of the '945 patent that Randle '283 did not, and notes that several of Defendants' invalidity arguments from Randle '717 rely on portions of that application that are strikingly similar to portions of Randle '283.  (Tr. of Final Pretrial Conference [Doc. No. 284], at 60-64.)  In the CBM petition, Defendants cited heavily to paragraph 80 of Randle '283, which describes the process depicted in Figure 1.  *U.S. Bancorp v. Solutran, Inc.*, No. CMB2014-00076 (Petition); (Kappelman Decl., Ex. P (Randle '283, at 3, 36); Tr., at 60.)  Plaintiff points out that Randle '717's Figure 1A is nearly identical to Randle '283's Figure 1, and that the paragraph describing Figure 1A contains substantially the same language as Randle '283's paragraph 80.  (Tr., at 60.  *Compare* Kappelman Decl., Ex. P (Randle '283, at 3, 36) *with id.*, Ex. Q (Randle '717, at 3, 16-17).)  Plaintiff also points to the similarity between Figures 3 and 4 in Randle '283 and Figures 6 and 7 in Randle '717.  (Tr., at 63-64.  *Compare*

11

Kappelman Decl., Ex. P (Randle '283, at 5-6) *with id.*, Ex. Q (Randle '717, at 9-10).) Plaintiff asserts that Defendants cannot now draw on disclosures in Randle '717 that are nearly identical to the disclosures in Randle '283 to make the same argument that they made before the PTAB.

Defendants argue that estoppel applies to bar only obviousness arguments based on the same set of components from the same combination of prior art. (Defs.' Mem. in Opp'n, at 2-3.) For example, if Randle '283 was submitted to the PTAB as disclosing elements A, B, and C of the '945 patent, and the PTAB disagreed that Randle '283 established element C, then Defendants are not estopped from arguing that Randle '717 discloses elements B, C, and D of the '945 patent. (*Id.*) The PTAB's finding that Randle '283 did not make element C obvious does not prevent Defendants from arguing that Randle '717 does make element C obvious, as long as Randle '717 discloses some new element of the '945 patent that was not present in Randle '283. Under that framework, Defendants claim that McEntee relies upon key disclosures from Randle '717 that were absent from Randle '283. (*Id.* at 2-3, 5.) For instance, Defendants argue that Randle '717 discloses the possibility of processing checks through ACH conversion, where Randle '283 did not. (*Id.*, at 5-6.)

Defendants further claim that their arguments for invalidity based on Randle '717 are substantially different from the arguments they made in the CBM proceeding. (*Id.* at 3-8; Tr., at 66.) Defendants note that they referenced Randle '283 as disclosing only a subset of the claims in the '945 patent, where McEntee's report opines that Randle '717 renders all

12

claims of the '945 patent obvious, with the exception of Claims 6e-f. (Defs.' Mem. in Opp'n, at 3-5; *see* Ernstene Decl., Ex. B (McEntee Excerpt).) Further, Defendants argue that the two applications "have only three substantive paragraphs even partially in common," and that none of those paragraphs is mentioned in McEntee's report. (Defs.' Mem. in Opp'n, at 4.)

The Court agrees with Defendants that, if Randle '717 discloses elements of the '945 patent that are not present in Randle '283, then it is not estopped. But the Court is not yet satisfied that Randle '717 meets that description, based on the evidence and argument currently before it. The Court does not see why, for example, Randle '717's discussion of ACH processing discloses claims of the '945 patent that Randle '283 did not. Thus, the Court will defer ruling on Plaintiff's motion to exclude Randle '717, and it invites Defendants to make a more detailed proffer of evidence that Randle '717 discloses elements of the '945 patent that are not disclosed in Randle '283.

### C. Admissibility of Materials from Covered Business Method Review

Defendant U.S. Bank argues that reference to the CBM proceedings in the PTAB would confuse the jury and cause undue prejudice to Defendants. (Defs.' Mem. in Supp., at 1.) Defendants emphasize that the PTAB considered different prior art under a different standard of proof than this case. (*Id.* at 3-5.)

The Court agrees that the different standard and the specific administrative context of CBM review poses a risk of confusing the jury and prejudicing Defendants, and that this risk counsels against admission of evidence and argument about the PTAB review. *See,*

13

*e.g.*, *Wis. Alumni Research Found. v. Apple, Inc.*, 135 F. Supp. 3d 865, 874-75 (W.D. Wis. 2015) (excluding reference to prior inter partes review because its probative value was substantially outweighed by the risk of unfair prejudice or confusing the jury). The Court notes, however, that the probative value of the CBM review is a function of the similarity of Randle '283 and Randle '717. That is, if Randle '717—though not the same prior art—is very similar to Randle '283, then the fact that the PTAB rejected an invalidity claim based on that very similar prior art becomes more probative. *Cf. Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, No. 14-cv-1296, 2017 WL 4570787, at *7 (E.D. Wis. Oct. 12, 2017) (stating that it would waste time to introduce prior inter partes reviews that address different prior art references, where there is "no overlap" between the those references and the references at issue). Significant overlap between the alleged disclosures in Randle '717 and Randle '283 could tip the balance toward allowing reference to the PTAB proceeding, accompanied by an instruction to the jury describing the differing context of that decision. *See, e.g.*, *StoneEagle Servs., Inc. v. Pay-Plus Solutions, Inc.*, No. 8:13-cv-2240, 2015 WL 3824208, at *9 (M.D. Fla. June 19, 2015). The Court will defer ruling upon this motion, and it cautions Defendants that the evidence may come in if appropriate to rebut their arguments from Randle '717.

## IV. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. The Court **DEFERS RULING** on Plaintiff's Motion in Limine No. 3, to exclude testimony, exhibits, and argument regarding the Randle prior-art reference [Doc. No. 228].

2. Plaintiff's Motion in Limine No. 7 to exclude evidence and argument relating to 35 U.S.C. § 103 [Doc. No. 228] is **DENIED**.

3. The Court **DEFERS RULING** on Defendant U.S. Bank's Motion in Limine to Exclude Evidence of the Patent Office's Covered Business Method Review [Doc. No. 234].

Dated:  March 12, 2018                     <u>s/Susan Richard Nelson</u>
                                           SUSAN RICHARD NELSON
                                           United States District Judge