# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Solutran, Inc., <br><br> Plaintiff, <br><br> v. <br><br> U.S. Bancorp and Elavon, Inc., <br><br> Defendants. | Case No. 13-cv-02637 (SRN/BRT) |
| U.S. Bancorp and Elavon, Inc., <br><br> Counter-Claimants, <br><br> v. <br><br> Solutran, Inc., <br><br> Counter-Defendant. | **MEMORANDUM OPINION AND ORDER** |

Robert J. Gilbertson, David J. Wallace-Jackson, and Sybil Dunlop, Greene Espel PLLP, 222 South Ninth Street, Suite 2200, Minneapolis, Minnesota, for Plaintiff and Counter-Defendant.

Peter M. Lancaster, Ben D. Kappelman, and Kenneth E. Levitt, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, and J. Thomas Vitt, Jones Day, 90 South Seventh Street, Suite 4950, Minneapolis, Minnesota 55402, for Defendants and Counter-Claimants.

SUSAN RICHARD NELSON, United States District Judge

For the following reasons, the Court grants in part U.S. Bank's request for a stay of permanent injunction pending appeal. As detailed below, the injunction will not take effect until March 31, 2019.

I.  BACKGROUND

On December 11, 2018, the Court issued an order ruling on the parties' various post-trial motions. (*See* Doc. No. 447 ("Order").) Of note, after finding that the four considerations detailed in *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006), weighed in Solutran's favor, the Court granted Solutran a permanent injunction. (*See id*. at 61-68.) Specifically, the injunction bars U.S. Bank from continuing to use or sell electronic check processing services through its infringing "ECS-OSI" service, as of January 10, 2019, including to its ten current ECS-OSI merchant-clients. (*Id*. at 90.)

On December 13, 2018, U.S. Bank filed an expedited motion for partial stay of permanent injunction pending appeal. (*See* Doc. No. 449.) Specifically, U.S. Bank requests that, during its appeal of this case to the Federal Circuit, the Court "permit[] U.S. Bank to continue servicing its existing, though not any additional, ECS-OSI customers." (*See* U.S. Bank's Mot. in Support of Stay [Doc. No. 450] at 10 ("U.S. Bank Br.").) In its brief accompanying the motion, U.S. Bank argues that (1) "there is a likelihood that [it] will succeed on appeal, because the case involves close questions that the Federal Circuit reviews *de novo*," (2) "numerous innocent third parties will be irreparably injured by an immediate injunction," *i.e.*, U.S. Bank's current ECS-OSI merchant-clients, and their check-carrying customers, (3) "a stay [will not] injure Solutran" because Solutran "never sought preliminary injunctive relief in the six years since its patent issued and will be

2

compensated for continued infringement," and (4) "the public interest favors a stay of an injunction" because the injunction will "affect tens of thousands of daily check transactions at merchants across the country." (*See generally id.*) In an accompanying affidavit, U.S. Bank also notes that it would be particularly challenging for its clients to conform to this injunction in the next 30 days because Christmas and New Year's are "the busiest period of the year for many stores." (*See* Cichoski Dec. [Doc. No. 451] ¶ 7.) Indeed, U.S. Bank adds, its "retail customers will not even entertain working on a project to change their check processing system at this time." (*Id.* ¶ 12.)

Solutran disagrees. In a brief filed on December 19, 2018, Solutran argues that (1) "U.S. Bank does not make a 'strong showing' that it will 'likely succeed' on appeal," in large part because the at-issue patent "survived § 101 scrutiny at both the PTAB and in this Court," (2) "the Court already weighed the relative harms of an injunction and found in Solutran's favor and U.S. Bank's invocation of the holiday rush does not change the outcome," and (3) "the public-interest considerations do not turn on whether or not a stay issues," because "U.S. Bank has not shown that the transitional pains [for its clients moving away from ECS-OSI]," which this Court deemed surmountable in its Order, "would be any different whether the injunction takes effect in January, a month or two later, or after the potentially lengthy appeals process has come to an end." (*See generally* Solutran's Br. in Opp. to U.S. Bank's Mot. for Stay [Doc. No. 455] ("Solutran's Br.").)

## II. DISCUSSION

### 1. The Law

The Federal Rules provide that, "[w]hile an appeal is pending from a . . . final judgment that grants . . . an injunction, [a] court may suspend . . . [the] injunction." Fed. R. Civ. P. 62(d).

In considering whether to stay a permanent injunction pending appeal in a patent case, a court must consider four factors: (1) whether the applicant has made a strong showing he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether a stay will substantially injure the other party; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 513 (Fed. Cir. 1990).[1] "Each factor . . . need not be given equal weight." *Standard Havens*, 897 F.2d at 512. Instead, the court "assesses [the] movant's chances for success on appeal and weighs the equities as they affect the parties and the public." *Id.* at 513 (quoting *E.I. Dupont de Nemours & Co. v. Phillips Petroleum*, 835 F.2d 277, 278 (Fed. Cir. 1987)). District courts are afforded "wide discretion" when addressing requests for stays pending appeal. *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1358 (Fed. Cir. 2008).

---

[1] Although it is not entirely clear whether the Court should use Eighth Circuit or Federal Circuit law in weighing these considerations, the parties rely on Federal Circuit law, and, as this Court has observed before, the Circuits' legal standards on this issue are "substantially similar." *See Luminara Worldwide, LLC v. Liown Elec. Co., Ltd.*, No. 14-cv-3103 (SRN/FLN), 2015 WL 3559273, at *9 (D. Minn. May 27, 2015).

## 2. Analysis

The Court finds that delaying the onset of the permanent injunction by approximately 90 days, until March 31, 2019, best protects the parties' competing interests. This is so for three reasons. ***First***, although the Court acknowledges that its validity and non-infringement summary judgment decisions will be subject to *de novo* review, and that the Federal Circuit may disagree with this Court's rulings, U.S. Bank has not made the requisite "strong showing" that it will succeed on the merits of its appeal. *Standard Havens Prods.*, 897 F.2d at 513. This is especially so given the prior PTAB and Federal Circuit rulings upholding the validity of the at-issue patent. (*See* Order at 5-6; *compare with E.I. DuPont de Nemours & Co.*, 835 F.2d at 278 (finding that an appellant showed it was sufficiently likely to succeed on the merits of its appeal where "there [was] a conflict between the PTO Examiner's rejection of DuPont's claims as invalid in view of prior art and the district court's ruling of validity").) Further, despite U.S. Bank's argument to the contrary, "*de novo* review of claim construction is not a sufficiently extraordinary circumstance to warrant a stay." *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, No. 11-cv-54 (SLR), 2012 WL 2675232, at *2 n.2 (D. Del. July 6, 2012). As such, this factor weighs against staying the injunction pending appeal.

***Second***, the Court sees no reason to analyze the "balance of harms" between Solutran and U.S. Bank any differently than it did a week ago. As the Court noted in that decision, when deciding whether to grant a permanent injunction in the first instance, "U.S. Bank's relative size and access to non-infringing services like ECS-CI and ECS-COI make clear that the balance of hardships weighs against it." (Order at 66 (citing

*Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1329-30 (Fed. Cir. 2008)).) It is true that U.S. Bank's goodwill with its ten ECS-OSI merchant-clients may be diminished because, once those clients switch to a different check processing service as a result of the injunction, those customers may not return to using ECS-OSI, even following a successful appeal. (*See* U.S. Bank's Br. at 8-9.) However, leaving aside the fact that these merchant-clients may remain U.S. Bank customers by choosing to purchase one of U.S. Bank's non-infringing check processing services (or one of U.S. Bank's many other financial services), this "goodwill" argument does not demonstrate that U.S. Bank will suffer "irreparabl[e] injur[y] absent a stay." *Standard Havens Prods.*, 897 F.2d at 513. If it did, then any infringing-appellant could receive a stay based on a bald assertion of "loss of goodwill." As such, this factor also weighs against staying the injunction pending appeal.

*Third*, however, the Court acknowledges the challenges U.S. Bank's clients (and their check-carrying customers) might face were this injunction to proceed on a 30-day timeline in the midst of the holiday shopping season. (*See generally* Cichoski Dec.) Although the Court stands by its earlier finding that the public interest favors the protection of a small business's patent against a (much larger) direct competitor (*see* Order at 66-68), and acknowledges Solutran's frustration that U.S. Bank "has been on notice for years of the possibility for an injunction but [apparently] chose not to prepare for it" (Solutran's Br. at 9), the Court will take U.S. Bank at its word that its merchant-clients cannot feasibly implement this injunction by early January. (*See* Cichoski Dec. ¶ 12 ("Because we are in the busy holiday season, our retail customers will not even

6

entertain working on a project to change their check processing system at this time.").)
As such, this factor favors delaying the Court's injunction for an additional 90-some days, but not for the entire course of U.S. Bank's "potentially lengthy" appeal. (Order at 65.)

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Expedited Motion for Partial Stay of Permanent Injunction Pending Appeal [Doc. No. 449] is **GRANTED IN PART**. The portion of the Court's injunction described in its December 11, 2018 Order [Doc. No. 447], applicable to both Defendants' current and future customers for the ECS-OSI product, is **STAYED UNTIL MARCH 31, 2019**.

Dated: December 19, 2018                  s/Susan Richard Nelson
                                                      SUSAN RICHARD NELSON
                                                      United States District Judge